# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

v.

EVELYN BRUCE,

Defendant.

)
)
)
)
)
)
)
)

Cr. ID No. 1308019527

Submitted: March 14, 2014
Decided: April 14, 2014

Christopher Marques, Esquire
Deputy Attorney General
820 N. French Street, 7TH Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Evelyn Bruce
414 Morehouse Drive
Wilmington, DE 19801
*Self-represented Defendant*

## MEMORANDUM OPINION

The Court held a Restitution Hearing on March 14, 2014, in the above captioned matter. The issue of restitution arose as a result of a guilty plea entered by the defendant, Evelyn Bruce ("Defendant"), on December 4, 2013. Defendant pled guilty to Criminal Mischief in violation of 11 *Del. C.* § 811(a), for events which transpired on August 24, 2013. As part of the plea, the Court directed that the Investigative Services Office determine the amount of restitution, if any, to be paid by Defendant, as a result of the Criminal Mischief.

On January 14, 2014, the Investigative Services Office recommended restitution in the amount of $635.00 for damage caused by Defendant to a window and door. Defendant submitted a dispute to the Office of Investigative Services and requested a restitution hearing solely on the issue of restitution recommended for the door.

This is the Court's Final Decision and Order after the restitution hearing.

## FACTS

Lisa Flowers ("Ms. Flowers") was duly sworn and testified. Ms. Flowers testified that the father of her children is Defendant's fiancé. According to Ms. Flowers, on the night of August 24, 2013, Defendant came to Ms. Flowers' home looking for her fiancé. As it happened, Defendant's fiancé had fallen asleep at Ms. Flowers' home while visiting his children. Defendant banged on Ms. Flowers' window and her door, prompting Ms. Flowers to call the police.

Ms. Flowers testified that Defendant's banging caused a crack in the window and damage to the door. Ms. Flowers acknowledged that cracks in the bottom of the door existed prior to the altercation with Defendant, however, she claims that Defendant altered the locking mechanism of the door and, as a result, the door no longer closes properly. Ms. Flowers testified that the door does lock, but it does not catch all the way, and that she does not feel safe in the home with the lock not properly functioning.

The second witness to testify was Karen Killiam ("Ms. Killiam"), the property manager at William Penn Village, the building complex where Ms. Flowers resides. Ms. Killiam testified that the estimate of $500.00 provided for replacement of the door was based on the documented cost of replacing past doors in the complex.[1] Ms. Killiam testified that the cost of the glass for the window is $85.00, and the installation charge is estimated at $50.00.[2]

Ms. Killiam explained that the interior edge of the door – the area where the door meets the wall when closed – was split. Ms. Killiam testified that the split occurred when the plunger inside the door handle was struck, causing the wood around the plunger to split. Ms. Killiam

---

[1] The State moved into evidence an invoice for the replacement door.
[2] The State moved into evidence an invoice for the window glass.

2

testified that she has been told by her maintenance advisors that such damage cannot be repaired but instead requires a complete replacement of the door.

Defendant was also sworn and testified. Defendant admitted that she broke the window, but maintained that she did not cause the damage to the door. Defendant conceded that she did hit the door, and was hitting the door with such force that she did not even realize that she was bleeding.

## DISCUSSION

A convicted defendant must make restitution to the victim for property damage or loss from the defendant's criminal act.[3] While the State must prove guilt beyond a reasonable doubt at trial, restitution "may be based on those factors which are established by a preponderance of the evidence."[4] The burden is on the State to prove the restitution amount of loss by a preponderance of evidence.[5]

In *Pratt v. State*,[6] the Delaware Supreme Court set forth the following guidelines for the award of restitution in criminal matters:

> (1) Victim loss statements used by the police and/or the Presentence Office must be changed to ask for market value, as opposed to replacement value or replacement cost.
>
> (2) Whenever possible, victim loss statements should be completed by the victim, who must include a receipt or other verification of the loss statement.
>
> (3) A letter informing the victim of the right to seek restitution must accompany the loss statement.
>
> (4) Restitution is discretionary and its imposition shall be governed by 11 *Del.C.* § 4106(a).
>
> (5) Restitution should be ordered when the victim has suffered an actual monetary loss through personal injury, damage to or destruction or theft of property.

---

[3] 11 *Del. C.* § 4106(a).
[4] *Benton v. State.*, 711 A.2d 792, 798 (Del. 1998).
[5] *Id.*
[6] 486 A.2d 1154 (Del. 1983).

(6) Restitution should cover the victim's own out-of-pocket expenses and losses as a first priority; losses covered by insurance are the lowest priority.

(7) The defendant's ability to pay is an element to be considered in determining the amount of restitution and the schedule of payments.[7]

Defendant does not dispute that she broke the window at Ms. Flowers' home and does not challenge the $135.00 restitution recommendation to repair the window. The Court is thus called upon to review only the restitution amount recommended for damage to Ms. Flowers' door. The Court has carefully reviewed the testimony and documentary evidence presented at trial. The Court has also weighed the credibility of the witnesses. After considering all of the evidence in the record, the Court finds that the State has proven by a preponderance of the evidence that the monetary damages flowing from Defendant's criminal act–to which she pled guilty–totals $635.00.[8]

Ms. Keller testified that the interior area of the door was split by the plunger in the locking mechanism. The Court finds this testimony to be credible. Defendant argues that the door was broken prior to the August 24, 2013 incident. However, Defendant did not provide any admissible evidence from which the Court could make such a determination.[9] The State, on the other hand, presented sufficient credible evidence from which the Court can readily conclude that the door's failure to close and lock properly is the result of Defendant's actions.

Accordingly, the State has proven by a preponderance of the evidence that the door was broken by Defendant on August 24, 2013, and that the cost to repair the door is $500.00. In

---

[7] *Id.* at 1161.
[8] The recommendation of $635.00 represents the sum of the following charges:

| | |
|---|---|
| Window Replacement | $85 |
| Window Labor | $50 |
| Door Replacement and Labor | $500.00 |

[9] Defendant referenced a handwritten letter from an individual purporting to acknowledge culpability in damaging the door in a prior altercation. Defendant was unable to lay the proper foundation at the hearing to demonstrate authenticity or admissibility of the document.

4

addition, Defendant has conceded that she is responsible for the cost of $135.00 to repair the window.

Restitution is therefore ordered in the amount of $635.00.

**IT IS SO ORDERED this 14th day of April, 2014.**

_____
The Honorable Sheldon K. Rennie,
Judge